**UNITED STATES of America,
Plaintiff—Appellant,**

v.

**Andrew David GONZALES,
Defendant—Appellee.**

No. 04–30443.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 6, 2005.

Decided June 17, 2005.

Audrey J. Renschen, Timothy M. Burgess, Esq., USAK—Office of the U.S. Attorney, Anchorage, AK, for Plaintiff–Appellant.

Kevin F. McCoy, Esq., FPDAK—Federal Public Defender's Office, Anchorage, AK, for Defendant–Appellee.

Before: HUG, FERGUSON, and MCKEOWN, Circuit Judges.

MEMORANDUM *

The United States appeals the district court's grant of defendant Andrew David Gonzales's motion to suppress evidence of child pornography seized from his home pursuant to a search warrant. The district court suppressed the evidence on the basis that the warrant was not supported by probable cause and further concluded that the warrant was not saved by the good faith exception of *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). We agree.

■ The magistrate issued the warrant solely based on the affidavit of an Anchorage Police Department detective, who relied on decade-old information and generalized statements regarding the proclivities of pedophiles. The magistrate clearly erred in issuing the search warrant because the affidavit did not provide the magistrate with a "substantial basis" for concluding that probable cause existed. *See Illinois v. Gates*, 462 U.S. 213, 238–39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983); *see also United States v. Meek*, 366 F.3d 705, 712 (9th Cir.2004) (issuance of a search warrant is reviewed for clear error).

■ The *Leon* good faith exception does not save the warrant. We have taken into consideration the detective's consultation with a government attorney, *see United States v. Brown*, 951 F.2d 999, 1005 (9th Cir.1991), and the Alaska state court

judges' determinations that there was probable cause, *cf. Leon*, 468 U.S. at 926, 104 S.Ct. 3405 (divided appellate court panel demonstrated "disagreement among thoughtful and competent judges as to the existence of probable cause"). Nonetheless, we hold that "a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Id.* at 922 n. 23, 104 S.Ct. 3405. It was clear at the time of the search that "[t]he fourth amendment requires a fair probability that the items searched for will be found," *United States v. Weber*, 923 F.2d 1338, 1345 (9th Cir.1990) (internal quotation marks omitted), and a reasonably well trained officer would have known that this fundamental nexus was wholly lacking from the affidavit, *cf. id.* at 1346 (rejecting application of *Leon* good faith exception).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.